Dear Chief English:
I am in receipt of your request for an Attorney General's opinion concerning the following questions:
 (1) Whether "[i]n instances involving civil matters and not involving the direct purview of the courts, may police act in petty disputes as mediators for the sake of conflict resolution and to preserve the public order? (This is with the understanding that such mediation need not be ultimately binding on a potential civil litigant.)"
 (2) Whether departments may "enact a policy enabling prudent police officers to identify petty complaints and down-prioritize responses to an appropriate level and make appropriate non-police service referrals to a complainant?"
 (3) Whether departments may "authorize officers to disregard complaints that are patently petty and are solely designed to harass an opposing disputant?"
In your letter, you expressed dissatisfaction with the manner in which complaints had traditionally been handled and, in effect, set forth a proposal for answering them. You started by categorizing complaints into three types. The first type involves serious matters. An armed robbery would provide an example of this type and would require immediate intervention. Complaints like a dispute between adjoining landowners over a boundary issue would fall into a second, less serious category. An officer's mediation skills might be brought to bear under this example. Frivolous complaints would be relegated to a third category. An example might be a complainant merely asking for the services of a notary public and would be subject to an officer's discretion concerning whether to respond or ignore the complaint. In order to make your proposed system work, police officers would need to be able "to mediate" certain complaints and to use discretion in determining whether to respond to a call or complaint. Hence follows your inquiries concerning a police officer as mediator and a police officer's use of discretion.
Our own research revealed that you are an appointive chief of police.
La. R.S. 33:381 provides the answer to your questions. More specifically La. R.S. 33:381 A., B. and C. contain the relevant information as follows:
 A. The officers of every municipality shall be a mayor, alderman, a chief of police, a tax collector, and a clerk.
 B. The mayor and chief of police in all municipalities shall be elected at large. The clerk or chief of police may be a tax collector or assessor, if the board of alderman so decides. Municipalities where the chief of police is appointed rather than elected as of August 1 1970, may continue to operate with an appointive chief.
The most important language is set forth in R.S. 33:381C(20)(a) through (c) which reads in pertinent part as follows:
 Notwithstanding any provision of law to the contrary, the Board of Alderman of the village of McNary may, upon recommendation of the mayor, abolish the office of the chief of police or determine that the chief shall not be elected at large but shall be appointed by the mayor with the approval of the board of alderman. However, no such action shall affect the term of an elected chief of police.
 If the board decides to make the police chief an appointed position, the salary of the appointed chief of police shall be established by the board of alderman upon recommendation of the mayor. The duties, responsibilities and qualifications of the appointed chief shall be established by ordinance. The term of office of the appointed chief shall be concurrent with that of the appointing mayor and alderman. The mayor shall supervise and direct the administration of the office of the chief of police in accordance with such ordinances, and the chief of police shall report directly to the mayor.
The statutory language plainly states that "the duties, responsibilities and qualifications of the appointed chief shall be established by ordinance." Nothing in your request indicates that ordinances have been passed dealing with the areas of your concern. It is our opinion that unless and until there are ordinances that affirmatively allow for police officer's to mediate petty claims and to use discretion in determining whether to respond to or ignore complaints, such activities would appear to be prohibited. We further suggest that if these ideas have not yet become ordinances in your community, that you discuss the merits of such proposed legislation with your mayor and board of aldermen.
We hope that this sufficiently answers you inquiry, but if we can be of further assistance, please do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: CHRISTOPHER D. MATCHETT Assistant Attorney General